Ex Parte Padilla.

Appeal from the District Court of Arecibo.

No. 27.—Decided June 30, 1906.

Criminal Complaint—Oath.—The oath taken upon the filing of a criminal complaint should be set out at the end of the same, but it is sufficient for all legal purposes if it is incorporated in the body of the complaint.

Habeas Corpus—Jurisdiction of the Person and of the Crime—Disturbing the Peace.—Municipal judges have jurisdiction of the crime of disturbance of the peace, and where it is committed within the district of such judges they will have jurisdiction of the person of the accused, and therefore these points being proved on *habeas corpus* proceedings the petition for enlargement must be denied.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

On the 16th of this month the applicant filed a petition with the Honorable Ramón Quiñones, Judge of the District Court of Arecibo, alleging that he was illegally restrained of his liberty by Jóse C. Berrios, warden of the jail in San Juan, and praying for a writ of *habeas corpus,* and to be liberated thereon for the following reasons:

"1. That the municipal judge of Manatí, under whose sentence he was incarcerated, had no jurisdiction of the cause and of the charge prosecuted against the applicant.

"2. Because the complaint of Luís Miranda, the prosecuting witness, which served as a basis for the imprisonment of the applicant, was not sworn to.

"3. Because the accused, who is now the petitioner, was not informed of the nature of the charges which were made against him, and it was impossible to prepare a defense in accordance with law."

All these reasons were duly considered by the district judge, and the prisoner was remanded to jail to serve out his time. From that order he took an appeal to this court.

The appellant was accused of a breach of the peace, which is alleged to have occurred at Barceloneta, within the jurisdiction of Manatí. From this it clearly appears that the municipal judge of Manatí not only had jurisdiction of the subject-matter, but of the person of the accused.

An inspection of the original complaint shows that it was sworn to before the municipal judge of Manatí on the 9th of May, 1906. It is true that the form, "Sworn to and subscribed before me this 9th day of May, 1906," is omitted at the bottom of the affidavit, but it is incorporated into the body of the same, and is sufficient, although the form indicated as omitted would be preferable.

The warrant for the accused was issued on the 9th of May,

1906, and various proceedings were had, subpoenas issued for witnesses, the arrest made, the bond given, and the accused was tried on the 31st day of May, and during all this time the accused had access to the files of the court and could easily have ascertained what the charges were against him if he really was ignorant of the same. So this reason does not avail him for his liberation.

The district judge, in refusing to grant the writ of *habeas corpus,* wrote a somewhat lengthy opinion, going over the whole ground; and although we may not agree with everything therein contained, it gives sufficient reasons for refusing to liberate the prisoner, and for remanding him to the custody of the warden of the San Juan jail.

There being no error in the judgment of the district court, the same is accordingly affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.